PHILIP WERTHMAN, Appellant, *v.* MAX BLATT and Others, Respondents.

Supreme Court, Appellate Term, First Department, February 10, 1926.

Bills and notes — holder in due course — plaintiff, assignee of promissory note made by defendant payable to partnership and transferred to plaintiff's assignor without infirmities, is legal holder thereof — payment to copartner who had parted with possession did not discharge debt.

Plaintiff, assignee of a promissory note made by the defendant and payable to the members of a partnership, which by the terms of a partnership dissolution agreement was transferred to plaintiff's assignor, without infirmities, is the legal holder thereof and is entitled to recover thereon. Payment by the defendant to one of the partners, who had parted with possession of the note, did not discharge the debt.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, First District, with a judge and jury, dismissing the complaint.

*E. Lloyd Meyer,* for the appellant.

*Abraham A. Pariser,* for the respondents.

PER CURIAM. Assuming, as established, for the jury so found, that the plaintiff is only an assignee of the note in suit, no evidence

was presented by defendant to defeat his claim and a verdict should have been directed in his favor. The court below misinterpreted the dissolution agreement between the partners who are the payees of the note of which the defendant is the maker and the plaintiff the owner. By the terms of that agreement the note in suit was transferred to plaintiff's assignor, Benjamin Werthman. The other partner, Stepensky, lost all interest in it and had no authority to receive payment therefor. Payment by the defendant to the said Stepensky who had parted with possession of the note, did not extinguish the debt. If the defendant made such payment mistakenly his remedy is against Stepensky for its return. The plaintiff here is the holder of the note. No infirmities in it have been established nor has he been paid. That the note was given to plaintiff without consideration as defendant claimed and probably established, is no bar to recovery so long as plaintiff has the legal title.

Judgment reversed, with thirty dollars costs, and judgment ordered in favor of plaintiff as prayed for in the complaint.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.